SOLON HUMPHREYS & CO. *v.* CAPTAIN SWITZER AND OWNERS OF STEAMER D. S. STACY.

In an action against a common carrier, alleging non-delivery of goods, the plaintiff must give some evidence in support of the allegation.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Hunton & Bradford*, for plaintiffs. *Wolfe & Singleton* and *Clarke & Bayne*, for defendants and appellants.

SPOFFORD, J. The plaintiffs sued the defendants as common carriers for the non-delivery and loss of certain packages of sugar shipped on board the defendants' steamer at New Orleans, to be delivered to the plaintiffs or their assigns at the port of St. Louis, the dangers of the navigation and fire alone excepted.

The only answer was a general denial.

The only evidence offered below was the bill of lading, proof of its signature by the agent of the steamboat, and the shippers' invoice.

There was judgment against the defendants for the amount claimed, and, without asking a new trial, they appealed.

They now, for the first time it would seem, make the objection that the plaintiffs offered no evidence tending to show a non-delivery of the goods.

The authorities are clear and concurrent to the effect that it was incumbent on the plaintiffs to make some such showing.

The declaration against a carrier of goods, says Greenleaf, "involves three points of fact, which the plaintiff must establish *upon the general issue:* namely, the contract, the delivery of the goods, and the defendant's breach of promise or duty." 2 Green. Ed., § 208. Again: "If the *loss* or *non-delivery* of the goods is alleged, the plaintiff must give some evidence in support of the allegation, notwithstanding its negative character." Ib., § 213. The cases of *Tucker* v. *Cracklin*, 2 Stark. R., 385; *Griffith* v. *Lee*, 1 C. & P., 110, and *Day* v. *Ridly*, 1 Washb., 48, are referred to in support of this doctrine.

The same doctrine is announced by Angell in his treatise upon the law of Carriers, § 470.

In the case of *Day* v. *Ridly*, 16 Vermont R., p. 48, (1 Wash., cited by Greenleaf,) it was held that "in an action against common carriers, the burden of proof is on the plaintiffs to show that the property did not reach its desti-

nation; but, where the plaintiffs proved that the defendants' boat, in which the property was stowed, was capsized and the property damaged, and a portion of the property carried by the defendants to a place out of their course, it was held sufficient to throw the burden of proof on the defendants to account for the property." 4 U. S. Dig., p. 248, No. 166.

In Illinois it was held, that "if, in an action against a common carrier, the plaintiff alleges that the article sent was not delivered, he must prove the allegation; but slight evidence will change the burden of proof." *Woodbury* v. *Frink*, 14 Ill. R., 279; 14 U. S. Dig., p. 70, No. 73.

So in California: "In an action against a common carrier for the *loss* of goods, it is necessary to prove that the goods were not delivered." *Ringgold* v. *Haven*, 1 Cal. R., 108; 14 U. S. Dig., p. 70, No. 77.

We are not aware that there is anything in our law which modifies this rule of evidence as it prevails in other commercial States.

As it is said the point was not brought to the notice of the court *a quâ*, we will remand the cause for further evidence.

It is, therefore, ordered that the judgment of the District Court be reversed and the cause remanded for a new trial, the costs of this appeal to be borne by the plaintiffs and appellees. *

* In *Conerey* v. the same defendants, and *Chateau, Harrison & Vallé* v. same, similar judgments were rendered for like reasons.